UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YIN POY LOUIE,

    Petitioner,

v.

CHRIS DAVIES,

    Respondent.

Civ. No. 15-6954 (KM)

OPINION

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The petitioner, Yin Poy Louie, is an immigration detainee currently lodged at the Bergen County Jail. He is proceeding through counsel with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Louie challenges his current immigration detention as excessive, and seeks to be released. For the following reasons, his habeas petition will be denied without prejudice, subject to renewal after 60 days.

## II. BACKGROUND

Mr. Louie is a native and citizen of the People's Republic of China. He entered the United States as a lawful permanent resident in 1967. In 1986, Mr. Louie was convicted in the United States District Court for the Southern District of New York of engaging in a racketeering enterprise in violation of 18 U.S.C. §§ 1961 and 1962(c). He was sentenced to fifteen years' imprisonment and was released after nine years.

In November 1993, an Order to Show Cause issues which charged Mr. Louie with deportability as an alien who engaged in criminal activity which endangered public safety or

national security. In April 1996, an Immigration Judge ("IJ") found Mr. Louie removable. The Board of Immigration Appeals denied Mr. Louie's appeal in 2000.

After Mr. Louie's appeal process concluded, he was placed on an Order of Supervision. Mr. Louie remained on that Order of Supervision, but not in detention, until June 2, 2015. On that date, Mr. Louie's Order of Supervision was revoked and he was remanded to immigration detention. He was placed in detention on the understanding that he would be scheduled for an interview with the Consulate of the People's Republic of China, so that travel documents permitting his deportation could be issued. Mr. Louie was interviewed by the Consulate of the People's Republic of China on July 18, 2015. Immigration and Customs Enforcement ("ICE") states that it expects to receive a travel document for Mr. Louie from the People's Republic of China and will schedule his removal once that travel document is received.

### III. DISCUSSION

Title 8 of the United States Code Section 1231(a) states that, "except as otherwise provided in this section, when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." *Id.* § 1231(a)(1)(A). The removal period begins on the latest of the following:

> (i) The date the order of removal becomes administratively final.
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under) an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B). Federal regulations provide that:

> An order of removal made by the immigration judge at the conclusion of the proceedings under section 240 of the Act shall become final:
>
>> (a) Upon dismissal of an appeal by the Board of Immigration Appeals;
>> (b) Upon waiver of appeal by the respondent;
>> (c) Upon expiration of the time allotted for an appeal if the respondent does not file an appeal within that time;
>> (d) If certified to the Board or Attorney General, upon the date of the subsequent decision ordering removal; or
>> (e) If an immigration judge issues an alternate order of removal in connection with a grant of voluntary departure, upon overstay of the voluntary departure period, or upon the failure to post a required voluntary department bond within 5 business days. If the respondent has filed a timely appeal with the Board, the order shall become final upon an order of removal by the Board or the Attorney General, or upon overstay of the voluntary departure period granted or reinstated by the Board or the Attorney General.

8 C.F.R. § 1241.1(a). Section 1231(a)(2) requires that the alien be detained during the ninety-day post-removal-order period. *See* 8 U.S.C. § 1231(a)(2). If the alien is not removed during that ninety-day period, then § 1231(a)(6) authorizes either continued detention or release on bond:

> An alien ordered removed who is inadmissible under section 1982 of this title, under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6) "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention."

533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 689. "*Zadvydas* does not delineate the boundaries of evidentiary sufficiency, but it suggests that an inversely proportional relationship is at play: the longer an alien is detained, the less he must put forward to obtain relief." *Alexander v. Attorney Gen. of United States,* 495 F. App'x 274, 276–77 (3d Cir. 2012) (citing *Zadvydas,* 533 U.S. at 701). As a rule of thumb, the Supreme Court stated that six months is a presumptively reasonable period of post-removal detention under § 1231(a)(6). *See Zadvydas,* 533 U.S. at 701.

According to Mr. Louie, the ninety-day mandatory detention removal period set forth in Section 1231(a)(1)(A) expired in October 2000, and the six-month presumptively reasonable period would therefore have expired in January 2001. Thus, according to Mr. Louie, his current immigration detention is beyond the presumptively reasonable six-month period set forth in *Zadvydas* (and presumably was beyond that six month period before it even began). The government points out, however, that Mr. Louie was not placed in detention in 2000; rather, he remained free (albeit under supervision), until June 2, 2015. The government asserted that, at the time it filed its responsive brief, Mr. Louie had not yet been in immigration detention for six months. As of December 2, 2015, however, he passed the six month mark, even by the government's calculation.

Because Mr. Louie's post-removal-period detention exceeds six months, the issue is now whether there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701. The burden is on Mr. Louie to make that showing. *See Barenboy v. Attorney General of U.S.,* 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-

4

month period has passed, the burden is on the alien to provide[ ] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future . . . . Only then does the burden shift to the Government, which must respond with evidence sufficient to rebut that showing.") (internal quotation marks and citation omitted).

The government states that it is merely waiting for the Chinese Consulate to issue travel documents for Mr. Louie, and that once those documents are issued, Mr. Louie's removal will be scheduled. Under the circumstances, Mr. Louie has not met his burden to show that his post-removal-order immigration detention violates *Zadvydas*. He has produced no evidence—for example, a showing that China has declined to accept deportees, or to accept them within a reasonable time—to counter the government's position. In other cases, courts have determined that fairly lengthy periods of post-removal-order administrative delay do not yet necessarily merit granting habeas relief under *Zadvydas*. *See, e.g., Joseph v. United States*, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming denial of *Zadvydas* claim despite petitioner being in immigration detention for almost eleven months); *Pierre v. Dep't of Homeland Sec.*, No. 12–1869, 2013 WL 5570822, at *1 (M.D. Pa. Oct. 9, 2013) (eleven months); *Moulton v. Sabol*, No. 12–0922, 2012 WL 6012133, at *8 (M.D. Pa. Aug. 6, 2012) (noting that petitioner is not automatically entitled to be released despite being in post-removal order detention for ten months where he failed to provide any evidence that Liberia denied him as a citizen or that Liberia will refuse to issue the appropriate travel documentation for him in the reasonably foreseeable future), *report and recommendation adopted by* 2012 WL 6012799 (M.D. Pa. Dec. 3, 2012).

I am mindful that Mr. Louie's immigration detention is getting longer by the day and that the longer an alien is detained, the less proof he must put forward to obtain relief. *See Alexander*, 495 F. App'x at 276–77 (citing *Zadvydas*, 533 U.S. at 701). Additionally, I have some concerns

that the Chinese Consulate has taken some four months, but has not yet issued Mr. Louie's travel documents. In the accompanying order, I have granted Mr. Louie leave to reopen this case once sixty days have passed, if he is still in immigration detention and has not yet been removed. At that time, the Chinese Consulate will have had over six months to issue the necessary travel documents. In any renewed application, Mr. Louie may submit further evidence to show that his removal will not occur in the reasonably foreseeable future.

The government's papers contain no specific facts about processing times for travel documents or any estimated time for resolution of this matter. Respondent's is enough for the time being, but its persuasiveness will diminish over time. Now, however, dismissal of the habeas petition without prejudice is the proper course.

## IV.   CONCLUSION

For the foregoing reasons, the habeas petition will be denied without prejudice, subject to renewal after 60 days. An appropriate order will be entered.

DATED: December 7, 2015

_____
KEVIN MCNULTY
United States District Judge